51 F.3d 275
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Mandell JACKSON, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 94-1456.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 6, 1995.*
Decided April 7, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Mandell Jackson appeals the district court's denial of his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. Sec. 2255. We affirm.
 
 
 2
 In 1989, a federal jury convicted Mandell Jackson of conspiring to distribute over 50 grams of cocaine base in violation of 21 U.S.C. Secs. 841(a)(1) and 846. Jackson was sentenced to 210 months of imprisonment. On direct appeal, this court affirmed Jackson's conviction and sentence. United States v. Jackson, 935 F.2d 832 (7th Cir.1991).
 
 
 3
 Jackson brought this motion to vacate, set aside or correct his sentence, claiming that he had been wrongfully sentenced under the 1988 amendment to 21 U.S.C. Sec. 846.[1] Jackson argued that the amendment to Sec. 846 did not apply to him because the amendment took effect on November 1, 1989, after the conspiracy had terminated. The district court denied Jackson's motion, instructing Jackson that the amendment to Sec. 846 took effect on November 18, 1988, and not in 1989. Jackson now appeals.
 
 
 4
 In order to obtain collateral relief, Jackson must show both cause for his failure to raise the issue on direct appeal, and actual prejudice resulting from the error of which he complains. United States v. Frady, 456 U.S. 152, 167 (1982). The district court found that Jackson had established cause because he alleged ineffective assistance of counsel. However, Jackson has failed to establish that he suffered actual prejudice that would warrant collateral relief.
 
 
 5
 On appeal, Jackson argues that he was not engaged in the conspiracy after November 18, 1988, and therefore the amendment cannot apply to him without violating the ex post facto clause of the Constitution, Article I, Sec. 9. Jackson's argument is without merit. Jackson was arrested in April 1989, at a 'crack-house' that he managed in East St. Louis, Illinois. Jackson, 935 F.2d at 837, 849. Jackson's participation in the conspiracy began before the effective date of the 1988 amendment to Sec. 846 and ended, upon his arrest, after that date. See United States v. Canino, 949 F.2d 928, 951 (7th Cir.1991) ("The burden of proving withdrawal [from the conspiracy] is on the defendant."), cert. denied, 112 S.Ct. 1701 (1992). "[A] statute increasing the penalty for conspiracy does not violate the ex post facto clause when applied to a conspiracy begun before the increase that continued on after the increase." United States v. Pace, 898 F.2d 1218, 1238 (7th Cir.), cert. denied, 498 U.S. 878 (1990). The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 "Congress amended section 846 to clarify that special penalty provisions such as mandatory minimum sentences and special parole terms imposable for substantive narcotics offenses are also applicable [to conspiracy offenses]." United States v. Montoya, 891 F.2d 1273, 1293 n. 25 (7th Cir.1989)